IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **NOVASTAR FINANCIAL, INC**. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **FESUM OGBAZION** | ) | |
| | ) | |
| Serve at: | ) | |
| 1 South Main Street, Suite 1400 | ) | |
| Dayton, Ohio 45402 | ) | Case No.: 10-CV-00241 |
| | ) | |
| and | ) | |
| | ) | |
| **TCA FINANCIAL, LLC** | ) | |
| | ) | |
| Serve at: | ) | |
| Joseph Roda | ) | |
| Registered Agent | ) | |
| 1 South Main Street, Suite 1400 | ) | |
| Dayton, Ohio 45402 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, NovaStar Financial, Inc., (hereinafter "NovaStar"), by and through its undersigned counsel of record, for its Complaint, against Defendants, Fesum Ogbazion, and TCA Financial, LLC (collectively "Defendants"), hereby alleges and states as follows:

## PARTIES

1. NovaStar is a corporation duly organized and existing under the laws of the state of Maryland with a principal place of business at 2114 Central Street, Suite 600, Kansas City, Missouri 64108.

2. Defendant Fesum Ogbazion (hereinafter "Ogbazion") is an individual who may be served at One South Main Street, Suite 1400, Dayton, Ohio 45402.

990450.3

3. Defendant, TCA Financial, LLC (hereinafter "TCA") is an Ohio limited liability company with a principal place of business at One South Main Street, Suite 1400, Dayton, Ohio 45402.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue and personal jurisdiction are proper in this District pursuant to Fed.R.Civ.P. 4(k)(1)(A), R.S.Mo. § 506.500 and 28 U.S.C. § 1391(a), because the contracts at issue were negotiated in this District, executed by Plaintiffs in this District and because the Parties voluntarily submitted to personal jurisdiction and venue in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

**1. The Promissory Note and ITS's Event of Default**

6. On or about November 25, 2009 ITS Financial, LLC ("ITS") and NovaStar entered into a Promissory Note (hereinafter the "Note"), pursuant to which NovaStar agreed to lend ITS the sum of three million dollars ($3,000,000) (the "Principal Sum"). See the Note, a copy of which is attached hereto as **Exhibit A**, and incorporated herein by reference.

7. Pursuant to the express terms of the Note, and in exchange for NovaStar lending the Principal Sum, ITS promised to pay interest in the amount of twelve percent (12%) per annum. **Exhibit A**, at p. 1.

8. Pursuant to the express terms of the Note, ITS promised to pay all accrued and unpaid interest on the first day of each calendar month ("Interest Payments"). **Exhibit A**, at p. 1.

9. Interest Payments began in December, 2009. **Exhibit A**, at p. 1.

10. ITS made the first Interest Payment on December 1, 2009.

11. ITS failed to make the required Interest Payments on January 1, February 1 and March, 2010.

12. Failure to make any Interest Payment constitutes an Event of Default under the Note. **Exhibit A**, at ¶¶ 4(a), 4(b), 4(c).

13. After an Event of Default under the Note, ITS is required to pay interest on the entire unpaid Principal Sum and any other amounts due under the Note at the rate of seventeen percent (17%) per annum unless that Event of Default is waived by NovaStar in writing. **Exhibit A**, at ¶ 5.

14. After an Event of Default under the Note, NovaStar may require the immediate repayment of the entire Principal Sum and all accrued interest and other sums due, without notice. **Exhibit A**, at ¶ 7.

15. In the event of a default under the Note, ITS agreed to pay for NovaStar's attorney fees and disbursements incurred by NovaStar in collecting those amounts due and owing under the Note. **Exhibit A**, at ¶ 8.

16. NovaStar declared an event of default on January 29, 2010.

17. In addition, per its terms, the Note matured on March 15, 2010, and all indebtedness due thereunder is now due and payable.

18. ITS has failed and refused to pay the amounts due and owing under the Note.

**2. Fesum Ogbazion's Unconditional Guaranty of ITS's Performance**

19.     On or about November 25, 2009 Fesum Ogbazion ("Ogbazion") entered into a Guaranty with NovaStar (the "Ogbazion Guaranty"). **Exhibit B**, Guaranty of Fesum Ogbazion.

20.     Pursuant to the express terms of the Ogbazion Guaranty, Ogbazion "absolutely and unconditionally" guaranteed to NovaStar "the full and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise" of any amounts due and owing under the Note, including those amounts coming due because of an Event of Default. **Exhibit B**, at ¶ 2.

21.     Pursuant to the express terms of the Ogbazion Guaranty, Ogbazion is liable to NovaStar for all costs, expenses, and reasonable attorneys' fees paid or incurred by NovaStar in endeavoring to collect and enforce the Note and/or Guaranty. **Exhibit B**, at ¶ 6.

22.     Pursuant to the express terms of the Ogbazion Guaranty, the Parties agreed that the Ogbazion Guaranty shall be governed and construed in accordance with the laws of the State of Missouri. **Exhibit B**, at ¶ 12.

23.     Pursuant to the express terms of the Ogbazion Guaranty, Ogbazion submitted to personal jurisdiction and venue in Missouri state and federal courts for the enforcement of NovaStar's rights under the Ogbazion Guaranty. **Exhibit B**, at ¶ 12.

**3.  TCA's Unconditional Guaranty of ITS's Performance**

24.     On or about November 25, 2009 TCA Financial, LLC ("TCA") entered into a Guaranty with NovaStar (the "TCA Financial"). **Exhibit C**, Guaranty of TCA Financial LLC.

25. Pursuant to the express terms of the TCA Guaranty, TCA "absolutely and unconditionally" guaranteed to NovaStar "the full and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise" of any amounts due and owing under the Note, including those amounts due because of an Event of Default. **Exhibit C**, at ¶ 2.

26. Pursuant to the express terms of the TCA Guaranty, TCA is liable to NovaStar for all costs, expenses, and reasonable attorneys' fees paid or incurred by NovaStar in endeavoring to collect and enforce the Note and/or Guaranty. **Exhibit C**, at ¶ 7.

27. Pursuant to the express terms of the TCA Guaranty, the Parties agreed that the TCA Guaranty shall be governed and construed in accordance with the laws of the State of Missouri. **Exhibit C**, at ¶ 12.

28. Pursuant to the express terms of the TCA Guaranty, TCA submitted to personal jurisdiction and venue in Missouri state and federal courts for the enforcement of NovaStar's rights under the TCA Guaranty. **Exhibit C** , at ¶ 13.

## COUNT I: ACTION ON GUARANTY (OGBAZION)

29. Plaintiff hereby restates and incorporates the allegations contained in Paragraphs 1-28 of this Second Amended Complaint, as though fully set forth herein.

30. On or about November 25, 2009 Ogbazion executed the Ogbazion Guaranty under which Ogbazion "absolutely and unconditionally" guaranteed the full and prompt payment of all amounts due by ITS under the Note whether at maturity or earlier by reason of acceleration or otherwise. **Exhibit B**, at ¶ 2.

31. ITS has failed to satisfy its debt to NovaStar as required by the Note, resulting in damages to NovaStar.

32. Under the express terms of the Ogbazion Guaranty, Ogbazion is liable for ITS's entire debt to NovaStar.

33. Ogbazion's has failed to satisfy ITS's debt under the Note as required by the Ogbazion Guaranty, is thereby in breach thereof and said breach has damaged NovaStar..

WHEREFORE, NovaStar prays this Court enter judgment against Ogbazion on Count I of the Complaint in the amount of the face value of the Note plus interest thereon as provided by the terms of the Note, all other fees due under the Note, reasonable attorneys' fees incurred herein, plus costs and such other and further relief as the Court deems just and proper.

### COUNT II: ACTION ON GUARANTY (TCA)

34. Plaintiff hereby restates and incorporates the allegations contained in Paragraphs 1-33 of this Second Amended Complaint, as though fully set forth herein.

35. On or about November 25, 2009 TCA executed the TCA Guaranty under which TCA "absolutely and unconditionally" guaranteed the full and prompt payment of all amounts due by ITS under the Note whether at maturity or earlier by reason of acceleration or otherwise. **Exhibit C**, at ¶ 2.

36. ITS has failed to satisfy its debt to NovaStar as required by the Note, resulting in damages to NovaStar.

37. Under the express terms of the TCA Guaranty, TCA is liable for ITS's entire debt to NovaStar.

38. TCA's has failed to satisfy ITS's debt under the Note as required by the TCA Guaranty, is thereby in breach thereof and said breach has damaged NovaStar.

WHEREFORE, NovaStar prays this Court enter judgment against TCA on Count II of the Complaint in the amount of the face value of the Note plus interest thereon as provided

by the terms of the Note, all other fees due under the Note, reasonable attorneys' fees incurred herein, plus costs and such other and further relief as the Court deems just and proper.

        Submitted by,

        **BRYAN CAVE LLP**

        By:    /s/Brian J. Crhistensen
                Brian J. Christensen, MO Bar No. 53497
                3500 One Kansas City Place
                1200 Main Street
                Kansas City, Missouri 64105-2100
                (816) 374-3200
                (816) 374-3300 (fax)
                brian.christensen@bryancave.com

        **ATTORNEYS FOR PLAINTIFF**